1

2

3

4

5

6

7

8

9

10

11

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
Mordechai Wolowitsch (SBN 324413)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
mwolowitsch@toddflaw.com
*Attorneys for Plaintiff, SEAN DABIR and all others similarly situated*

12

13

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| SEAN DABIR, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | (1) Violation of the California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq*.); and |
| MCDONALD'S CORPORATION; and DOES 1 – 10, inclusive, | (2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.); |
| Defendant. | (3) Violation of the Consumer Legal Remedies Act (Cal. Civ. C. §§ 1750 et. seq.) |
| | **Jury Trial Demanded** |

1    Plaintiff SEAN DABIR ("Plaintiff"), individually and on behalf of all other
2    members of the public similarly situated, allege as follows:

3                              **NATURE OF THE ACTION**

4          1.    Plaintiff brings this class action Complaint against Defendant
5    MCDONALD'S CORPORATION, (hereinafter "Defendant") to stop Defendant's
6    practice of falsely advertising the pricing of its Sausage McMuffins ("Class
7    Products") as being on the "value menu" at the price of $1, and to obtain redress
8    for a California class of consumers ("Class Members") who changed position,
9    within the applicable statute of limitations period, as a result of Defendant's false
10   and misleading advertisements.

11         2.    Defendant, MCDONALD'S CORPORATION, is a corporation with
12   its principal place of business in Illinois and incorporated in Delaware, and is
13   engaged in the operation of a chain of restaurants and the sale and distribution of
14   fast food.

15         3.    Defendant represents that consumers can purchase the Class Products
16   at the cost of $1 as part of its value menu, when in fact Defendant charged $1.89
17   for the Class Products. Defendant misrepresented and falsely advertised to
18   Plaintiff and others similarly situated consumers their Class Products

19         4.    Plaintiff and others similarly situated purchased Class Products from
20   Defendant, and they did so on the basis that the Class Products cost $1 as part of
21   Defendant's Value Menu.

22         5.    Defendant's misrepresentations to Plaintiff and others similarly
23   situated caused them to purchase the Class Products, which Plaintiff and others
24   similarly situated would not have purchased or attempted to purchase absent these
25   misrepresentations by Defendant and their employees. In so doing, Defendant has
26   violated California consumer protection statutes, including the Unfair Competition
27   Law, False Advertising Law, and the Consumer Legal Remedies Act.

28

CLASS ACTION COMPLAINT

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

6.     Consumers purchased Class Products from Defendant, advertised to be a part of the Value Menu and thus cost $1. In the case at bar, they did so under the impression that Defendant would not charge consumers a price different than represented.

7.     Consumers rely on the representations and advertisements of restaurants in order to know which products to purchase. Details as to the price are important and material to consumers at the time they purchase food from a particular restaurant.

8.     Defendant is engaged in the restaurant business, specifically the fast food business.

9.     When consumers purchase food, from restaurants, they reasonably believe that they will only need to pay a certain definite price for the food and beverage items.

10.     Defendant profits from the sale of food and beverage items. Many consumers would not have purchased Class Products from Defendant had they known Defendant would charge a price in excess of represented.

11.     Defendant misrepresents the price of the Class Product as being $1.00 when in fact Defendant will charge approximately 89% in order to deceive consumers into purchasing the Class Products.

12.     Defendant does not present consumers with a written copy of the correct terms of the purchase of the Class Product, prior to purchase, in order to conceal the deception that is at issue in this case.

13.     Defendant makes written representations to consumers regarding the cost of the Class Products, when consumers purchase the Class Products from Defendant, that contradict the actual price charged to Plaintiff and consumers when purchasing the Class Products.

14.     The aforementioned written representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq., and further constitute a violation of Cal. Civ. Code §§ 1750 *et. seq.*

15.     Defendant's violations of the law include without limitation the false advertising, marketing, representations, and sale of the falsely advertised Class Products to consumers in California.

16.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products in a manner that is deceptive, to disclose the true price, nature and quality of its products in a conspicuous manner at or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

17.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

18.     This matter is properly venued in the United States District Court for the Central District of California, in that Defendant does business in the Central District of California. A substantial portion of the events giving rise to Defendant's liability took place in this district.

19.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

20.     In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a California class of consumers, establishing minimum diversity.

## THE PARTIES

21.     Plaintiff SEAN DABIR is a citizen and resident of the State of California, County of Los Angeles.

22.     Defendant MCDONALD'S CORPORATION is a company incorporated in Delaware, and with its principal place of business, in Illinois. Defendant owns and operates several McDonald's restaurants throughout the state of California, specifically in Los Angeles, California.

23.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

24.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant."  The true names and capacities of the Defendant sued herein as DOE DEFENDANT 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendant by fictitious names.  Each of the Defendant designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendant when such identities become known.

25.     Plaintiff is informed and believes, and thereon alleges, that said

CLASS ACTION COMPLAINT

1 | Defendant is in some manner intentionally, negligently, or otherwise responsible

2 | for the acts, omissions, occurrences, and transactions of each and all its employees,

3 | agents, and/or third parties acting on its behalf, in proximately causing the

4 | damages herein alleged.

5 |    26. At all relevant times, Defendant ratified each and every act or

6 | omission complained of herein. At all relevant times, Defendant, aided and abetted

7 | the acts and omissions as alleged herein.

8 | **PLAINTIFF'S FACTS**

9 |    27. On or About September 3, 2018, Plaintiff visited Defendant's

10 | McDonald's restaurant at 3880 Pacific Coast Highway, Torrance CA 90505-5916

11 | in order to purchase food.

12 |    28. At the Defendant's restaurant, Plaintiff was presented with an

13 | advertisement on Defendant's menu board that the Sausage McMuffin was part of

14 | the value menu and thus cost $1.  A true and accurate copy of this advertisement

15 | is as follows.



CLASS ACTION COMPLAINT

29.     Based on this advertisement and representation, Plaintiff decided to purchase two Sausage McMuffins.

30.     In reliance on the representations, Plaintiff purchased Class Products from Defendant.

31.     After purchasing the product and leaving the restaurant, however, Plaintiff realized that Defendant had charged Plaintiff $1.89 per Sausage McMuffin, contrary to the $1 cost the Sausage McMuffin was represented as having.

32.     Had Plaintiff known that Defendant would charge Plaintiff more than Defendant had represented for the Class Products, he would not have purchased the Class Products from Defendant's restaurant.

33.     Furthermore, Plaintiff did not discover, nor could he have discovered, the true nature of the pricing of the Class Products until after Plaintiff's purchase.

34.     For the Class Products, Plaintiff paid more than valuable consideration.  Plaintiff relied on the fact that the Class Products would cost $1.00, as advertised; and that Defendant would not charge Plaintiff more than represented. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that Plaintiff would be charged in excess of the advertised cost prior to purchase.

35.     Plaintiff relied on Defendant's statements about the price of the Class Products. Plaintiff felt assured by Defendant that the Class Products would cost $1.00 as represented at the time of purchase. Plaintiff would not have agreed to purchase Defendant's Class Products if he had known that Defendant would charge more than represented.

36.     Knowledge of the true nature and price of Defendant's Class Products would have impacted Plaintiff's decision to purchase Class Products from

1   Defendant over other restaurants or sellers. Plaintiff would have found it important
2   to his purchase decision to know exactly what price his purchase was to be.

3       37.   Plaintiff felt ripped off and cheated by Defendant for charging in
4   excess of the represented price for the Class Products, contradicting that that which
5   Defendant represented.  Plaintiff believes that Defendant will continue its action
6   of duping consumers into purchasing Class Products that deviate from Defendant's
7   representations, namely misrepresenting the price of Defendant's Class Products,
8   unless Defendant's practices are halted by way of an injunction.

9       38.   As a result of Defendant's fraudulent practices, described herein,
10  Plaintiff has suffered economic loss, emotional distress, wasted time, and anxiety.

11      39.   Plaintiff alleges on information and belief that it is Defendant's policy
12  and practice to misrepresent the true price of its Class Products.  Plaintiff asserts
13  that this practice constitutes a material misrepresentation of a material fact relating
14  to the price of its products that would be important to a reasonable consumer to
15  know at the time they purchase Defendant's Class Products.

16      40.   Plaintiff alleges on information and belief that Defendant's policy and
17  practice is to materially misrepresent the price through said fraudulent
18  misrepresentations, to induce consumers to reasonably rely on the said
19  misrepresentations, in order to induce their purchase of food from Defendant over
20  law abiding competitors.

21      41.   Defendant has a duty to disclose the true price of its Class Products,
22  prior to the time consumers agree to purchase food from Defendant. Defendant
23  has a duty to disclose these material features of their Class Products because such
24  features would be highly important to a reasonable consumer.

25      42.   Such sales tactics rely on falsities and have a tendency to mislead and
26  deceive a reasonable consumer.

27      43.   Defendant expressly represented to Plaintiff, through written
28

CLASS ACTION COMPLAINT

statements, the price of its Class Products.

44.     Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's Class Products.

45.     In purchasing the Class Products, Plaintiff relied upon Defendant's representations.

46.     Such representations were clearly false because the true price of the Class Products were different than represented.

47.     Plaintiff would not have purchased the Class Products if he knew that the above-referenced statements made by Defendant were false.

48.     Had Defendant properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased Class Products.

49.     Plaintiff agreed to give his money, attention, and time to Defendant because of the price of the Class Products that were advertised. Defendant benefited from falsely advertising the price of its Class Products. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

50.     Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into purchasing Class Products at an increased price.

51.     Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into making payments for Class Products for which Defendant advertised the wrong price.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Fed. R. Civ. P. 23.

53.     The class Plaintiff seeks to represent (the "Class") is defined as

follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased Class Products in the state of California and were charged in excess of the price represented by Defendant.

54.   As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

55.   Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

56.   Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

57.   Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

58.   No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

59.   Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

60.   There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

> (a)   Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;
>
> (b)   Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;
>
> (c)   Whether Defendant profited from the sale of falsely priced

Class Products;

(d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and Cal. Civ. C. §1750 *et seq.*;

(e)    Whether Plaintiff and Class Members are entitled to restitutionary, equitable, and/or injunctive relief;

(f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)    The method of calculation and extent of damages for Plaintiff and Class Members.

61.    Plaintiff is a member of the Class he seeks to represent

62.    The claims of Plaintiff are not only typical of all Class members, they are identical.

63.    All claims of Plaintiff and the Class are based on the exact same legal theories.

64.    Plaintiff has no interest antagonistic to, or in conflict with, the Class.

65.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

66.    Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

67.    Common questions will predominate, and there will be no unusual manageability issues.

# FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

68.     Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

69.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

70.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

71.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant misrepresented the price of the Class Products, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

72.     Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

73.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention. Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance

on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn, Plaintiff and other Class Members ended up with Class Products that were more expensive than represented, and therefore Plaintiff and other Class Members have suffered injury in fact.

74.     Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

75.     Defendant advertised to Plaintiff and other putative class members, through written representations made by Defendant and its employees that the Class Products would be of a particular price.

76.     Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members.

77.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendant's revenues associated with the funds collected due to the overcharging for the Class Products, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

78.     Plaintiff incorporates by reference each allegation set forth above as

1   fully set forth herein.

2      79.    Actions for relief under the unfair competition law may be based on

3   any business act or practice that is within the broad definition of the UCL.  Such

4   violations of the UCL occur as a result of unlawful, unfair or fraudulent business

5   acts and practices. A plaintiff is required to provide evidence of a causal

6   connection between a Defendant's business practices and the alleged harm--that

7   is, evidence that the Defendant's conduct caused or was likely to cause substantial

8   injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct

9   created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory

10  definition of unfair competition covers any single act of misconduct, as well as

11  ongoing misconduct.

## UNFAIR

13     80.    California Business & Professions Code § 17200 prohibits any

14  "unfair . . . business act or practice."  Defendant's acts, omissions,

15  misrepresentations, and practices as alleged herein also constitute "unfair"

16  business acts and practices within the meaning of the UCL in that its conduct is

17  substantially injurious to consumers, offends public policy, and is immoral,

18  unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs

19  any alleged benefits attributable to such conduct.  There were reasonably available

20  alternatives to further Defendant's legitimate business interests, other than the

21  conduct described herein.  Plaintiff reserves the right to allege further conduct

22  which constitutes other unfair business acts or practices.  Such conduct is ongoing

23  and continues to this date.

24     81.    In order to satisfy the "unfair" prong of the UCL, a consumer must

25  show that the injury: (1) is substantial; (2) is not outweighed by any countervailing

26  benefits to consumers or competition; and (3) is not one that consumers themselves

27  could reasonably have avoided.

28

82.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

83.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were a certain price in order to induce them to spend money on said Class Products. In fact, knowing that Class Products were not of this price, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

84.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products were not advertised as having the price they in fact did have. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase Class Products, where Plaintiff and the Class members were overcharged. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

85.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

CLASS ACTION COMPLAINT

86.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

87.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

88.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they would be at the price advertised when in fact they were not, rather, Defendant charged Plaintiff and the Class members more than was represented for the Class Products. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

89.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a certain price when in reality they were a significantly different, and thus falsely represented the Class Products.

90.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

91.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

92.     As explained above, Defendant deceived Plaintiff and other Class

Members by representing the Class Products as being of a price from what they actually were.

93.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.. Had Defendant not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

94.     This practice of making these representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

95.     Defendant have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment for damages and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct their actions.

**THIRD CAUSE OF ACTION**

**Violation of Consumer Legal Remedies Act**

**(Cal. Civ. Code § 1750 *et seq*.)**

96.     Plaintiff incorporates by reference each allegation set forth above herein.

97.     Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

b. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

c. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

98.     On or about July 18, 2019, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendants correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believe to have been violated by Defendants.

99.     Defendant has not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

100.     Plaintiff has filed the venue affidavit required by Cal. Civ. C. § 1780 with this Complaint as Exhibit A.

## MISCELLANEOUS

101.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

102.    Plaintiff, on behalf of himself and the Class, requests the following relief:

        (a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

        (b)    An order certifying the undersigned counsel as Class Counsel;

        (c)    An order requiring Defendant at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

        (d)    An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

        (e)    Actual damages suffered by Plaintiff and Class Members as applicable, in the form of full restitution of all funds acquired from Plaintiff and Class Members of the profits collected solely from the mispriced Class Products from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

        (f)    Punitive damages, as allowable, in an amount determined by the Court or jury;

        (g)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

        (h)    Pre- and post-judgment interest; and

        (i)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

## REQUEST FOR JURY TRIAL

103.    Plaintiff requests a trial by jury as to all claims so triable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  September 16, 2019        Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: s/Todd M. Friedman

TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff Sean Dabir

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A
Venue Affidavit

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DABIR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MCDONALD'S CORPORATION; and DOES 1 – 10, inclusive,<br><br>Defendant | Case No.:<br><br>**CONSUMER LEGAL REMEDIES ACT VENUE AFFIDAVIT; CCP § 1780** |

I, Sean Dabir, declare and state as follows:

1.  I am the plaintiff in this matter, and specifically have brought a claim for Violations of the Consumer Legal Remedies Act.

2.  The defendant to this cause of action, McDonald's Corporation, was doing business in Los Angeles County California, namely, because it sold me the products at issue at its location at 3880 Pacific Coast Highway, Torrance CA 90505-5916 which is within the county of Los Angeles.

3.  I am a citizen and resident of the State of California, County of Los Angeles.

- 1 -

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of July, 2019, at Palos Verdes, California.

Sean Dabir

- 2 -