Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
Mordechai Wolowitsch (SBN 324413)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
mwolowitsch@toddflaw.com
*Attorneys for Plaintiff, SEAN DABIR and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAN DABIR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. MANGIONE JR.; MCDONALD'S #1120 located at 3880 PACIFIC COAST HWY, TORRANCE, CA 90505 ; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08006<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Violation of the California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq*.); and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.);<br>(3) Violation of the Consumer Legal Remedies Act (Cal. Civ. C. §§ 1750 et. seq.)<br><br>**Jury Trial Demanded** |

Plaintiff SEAN DABIR ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action Complaint against Defendants MICHAEL J. MANGIONE JR. and MCDONALD'S #1120 located at 3880 PACIFIC COAST HWY, TORRANCE, CA 90505 , (hereinafter "Defendants") to stop Defendants' practice of falsely advertising the pricing of its Sausage McMuffins ("Class Products") as being on the "value menu" at the price of $1, and to obtain redress for a California class of consumers ("Class Members") who changed position, within the applicable statute of limitations period, as a result of Defendants' false and misleading advertisements.

2.      Defendants, MICHAEL J. MANGIONE JR.; MCDONALD'S #1120 located at 3880 PACIFIC COAST HWY, TORRANCE, CA 90505 , is a franchisee with its principal place of business in Torrance, CA and and is engaged in the operation the sale and distribution of fast food.

3.      Defendants represents that consumers can purchase the Class Products at the cost of $1 as part of its value menu, when in fact Defendants charged $1.89 for the Class Products. Defendants misrepresented and falsely advertised to Plaintiff and others similarly situated consumers their Class Products

4.      Plaintiff and others similarly situated purchased Class Products from Defendants, and they did so on the basis that the Class Products cost $1 as part of Defendants' Value Menu.

5.      Defendants' misrepresentations to Plaintiff and others similarly situated caused them to purchase the Class Products, which Plaintiff and others similarly situated would not have purchased or attempted to purchase absent these misrepresentations by Defendants and their employees. In so doing,

Defendants have violated California consumer protection statutes, including the Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

6.      Consumers purchased Class Products from Defendants, advertised to be a part of the Value Menu and thus cost $1. In the case at bar, they did so under the impression that Defendants would not charge consumers a price different than represented.

7.      Consumers rely on the representations and advertisements of restaurants in order to know which products to purchase. Details as to the price are important and material to consumers at the time they purchase food from a particular restaurant.

8.      Defendants are engaged in the restaurant business, specifically the fast food business.

9.      When consumers purchase food, from restaurants, they reasonably believe that they will only need to pay a certain definite price for the food and beverage items.

10.      Defendants profits from the sale of food and beverage items. Many consumers would not have purchased Class Products from Defendants had they known Defendants would charge a price in excess of represented.

11.      Defendants misrepresents the price of the Class Product as being $1.00 when in fact Defendants will charge approximately 89% in order to deceive consumers into purchasing the Class Products.

12.      Defendants does not present consumers with a written copy of the correct terms of the purchase of the Class Product, prior to purchase, in order to conceal the deception that is at issue in this case.

13.      Defendants make written representations to consumers regarding the

cost of the Class Products, when consumers purchase the Class Products from Defendants, that contradict the actual price charged to Plaintiff and consumers when purchasing the Class Products.

14.     The aforementioned written representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq., and further constitute a violation of Cal. Civ. Code §§ 1750 *et. seq.*

15.     Defendants' violations of the law include without limitation the false advertising, marketing, representations, and sale of the falsely advertised Class Products to consumers in California.

16.     On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease advertising and selling the Class Products in a manner that is deceptive, to disclose the true price, nature and quality of its products in a conspicuous manner at or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

17.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

18.     This matter is properly venued in the United States District Court for the Central District of California, in that Defendants do business in the Central District of California. A substantial portion of the events giving rise to Defendants' liability took place in this district.

19.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least

1   100 members are in the proposed plaintiff class, any member of the plaintiff

2   class is a citizen of a State different from the State of citizenship of any

3   Defendants, and the matter in controversy exceeds the sum of $5,000,000.00,

4   exclusive of interests and costs.

5       20.    In the case at bar, there are at least 100 members in the proposed

6   Class, the total claims of the proposed Class members are in excess of

7   $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff

8   seeks to represent a California class of consumers, establishing minimum

9   diversity.

10                              **THE PARTIES**

11      21.    Plaintiff SEAN DABIR is a citizen and resident of the State of

12  California, County of Los Angeles.

13      22.    Defendants MICHAEL J. MANGIONE JR.; MCDONALD'S #1120

14  LOCATED AT 3880 PACIFIC COAST HWY, TORRANCE, CA 90505  is a

15  company incorporated in Delaware, and with its principal place of business, in

16  Illinois. Defendants own and operates several McDonald's restaurants

17  throughout the state of California, specifically in Los Angeles, California.

18      23.    Plaintiff is informed and believes, and thereon alleges, that each and

19  all of the acts and omissions alleged herein were performed by, or is attributable

20  to, Defendants and/or its employees, agents, and/or third parties acting on its

21  behalf, each acting as the agent for the other, with legal authority to act on the

22  other's behalf.  The acts of any and all of Defendants' employees, agents, and/or

23  third parties acting on its behalf, were in accordance with, and represent, the

24  official policy of Defendants.

25      24.    The above named Defendants, and its subsidiaries and agents, are

26  collectively referred to as "Defendants."  The true names and capacities of the

27  Defendants sued herein as DOE DEFENDANT 1 through 10, inclusive, are

28

currently unknown to Plaintiff, who therefore sues such Defendant by fictitious names. Each of the Defendant designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendant when such identities become known.

25. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

26. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

### PLAINTIFF'S FACTS

27. On or About September 3, 2018, Plaintiff visited Defendants' McDonald's restaurant at 3880 Pacific Coast Highway, Torrance CA 90505-5916 in order to purchase food.

28. At the Defendants' restaurant, Plaintiff was presented with an



advertisement on Defendants' menu board that the Sausage McMuffin was part of the value menu and thus cost $1.   A true and accurate copy of this advertisement is as follows.

29.   Based on this advertisement and representation, Plaintiff decided to purchase two Sausage McMuffins.

30.   In reliance on the representations, Plaintiff purchased Class Products from Defendants.

31.   After purchasing the product and leaving the restaurant, however, Plaintiff realized that Defendants had charged Plaintiff $1.89 per Sausage McMuffin, contrary to the $1 cost the Sausage McMuffin was represented as having.

32.   Had Plaintiff known that Defendants would charge Plaintiff more than Defendants had represented for the Class Products, he would not have purchased the Class Products from Defendants' restaurant.

33.   Furthermore, Plaintiff did not discover, nor could he have discovered, the true nature of the pricing of the Class Products until after Plaintiff's purchase.

34.   For the Class Products, Plaintiff paid more than valuable consideration.   Plaintiff relied on the fact that the Class Products would cost $1.00, as advertised; and that Defendants would not charge Plaintiff more than represented. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that Plaintiff would be charged in excess of the advertised cost prior to purchase.

35.   Plaintiff relied on Defendants' statements about the price of the Class Products. Plaintiff felt assured by Defendants that the Class Products would cost $1.00 as represented at the time of purchase. Plaintiff would not have

agreed to purchase Defendants' Class Products if he had known that Defendants would charge more than represented.

36.     Knowledge of the true nature and price of Defendants' Class Products would have impacted Plaintiff's decision to purchase Class Products from Defendants over other restaurants or sellers. Plaintiff would have found it important to his purchase decision to know exactly what price his purchase was to be.

37.     Plaintiff felt ripped off and cheated by Defendants for charging in excess of the represented price for the Class Products, contradicting that that which Defendants represented.  Plaintiff believes that Defendants will continue its action of duping consumers into purchasing Class Products that deviate from Defendants' representations, namely misrepresenting the price of Defendants' Class Products, unless Defendants' practices are halted by way of an injunction.

38.     As a result of Defendants' fraudulent practices, described herein, Plaintiff has suffered economic loss, emotional distress, wasted time, and anxiety.

39.     Plaintiff alleges on information and belief that it is Defendants' policy and practice to misrepresent the true price of its Class Products.  Plaintiff asserts that this practice constitutes a material misrepresentation of a material fact relating to the price of its products that would be important to a reasonable consumer to know at the time they purchase Defendants' Class Products.

40.     Plaintiff alleges on information and belief that Defendants' policy and practice is to materially misrepresent the price through said fraudulent misrepresentations, to induce consumers to reasonably rely on the said misrepresentations, in order to induce their purchase of food from Defendants over law abiding competitors.

41.     Defendants has a duty to disclose the true price of its Class

Products, prior to the time consumers agree to purchase food from Defendants. Defendants has a duty to disclose these material features of their Class Products because such features would be highly important to a reasonable consumer.

42.     Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

43.     Defendants expressly represented to Plaintiff, through written statements, the price of its Class Products.

44.     Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendants' Class Products.

45.     In purchasing the Class Products, Plaintiff relied upon Defendants' representations.

46.     Such representations were clearly false because the true price of the Class Products were different than represented.

47.     Plaintiff would not have purchased the Class Products if he knew that the above-referenced statements made by Defendants were false.

48.     Had Defendants properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased Class Products.

49.     Plaintiff agreed to give his money, attention, and time to Defendants because of the price of the Class Products that were advertised. Defendants benefited from falsely advertising the price of its Class Products. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

50.     Defendants' acts and omissions were intentional, and resulted from Defendants' desire to mislead consumers into purchasing Class Products at an increased price.

51.     Defendants' acts and omissions were intentional, and resulted from

1    Defendants' desire to mislead consumers into making payments for Class

2    Products for which Defendants advertised the wrong price.

3                          **CLASS ACTION ALLEGATIONS**

4         52.   Plaintiff brings this action, on behalf of himself and all others

5    similarly situated, and thus, seeks class certification under Fed. R. Civ. P. 23.

6         53.   The class Plaintiff seeks to represent (the "Class") is defined as

7    follows:

8              All consumers, who, between the applicable statute of
               limitations and the present, purchased Class Products in
9              the state of California and were charged in excess of the
               price represented by Defendants.
10

11        54.   As used herein, the term "Class Members" shall mean and refer to

12   the members of the Class described above.

13        55.   Excluded from the Class is Defendants, its affiliates, employees,

14   agents, and attorneys, and the Court.

15        56.   Plaintiff reserves the right to amend the Class, and to add additional

16   subclasses, if discovery and further investigation reveals such action is

17   warranted.

18        57.   Upon information and belief, the proposed class is composed of

19   thousands of persons. The members of the class are so numerous that joinder of

20   all members would be unfeasible and impractical.

21        58.   No violations alleged in this complaint are contingent on any

22   individualized interaction of any kind between Class members and Defendants.

23        59.   Rather, all claims in this matter arise from the identical, false,

24   affirmative representations of the services, when in fact, such representations

25   were false.

26        60.   There are common questions of law and fact as to the Class

27   Members that predominate over questions affecting only individual members,

28

including but not limited to:

      (a)    Whether Defendants engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

      (b)    Whether Defendants made misrepresentations with respect to the Class Products sold to consumers;

      (c)    Whether Defendants profited from the sale of falsely priced Class Products;

      (d)    Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and Cal. Civ. C. §1750 *et seq.*;

      (e)    Whether Plaintiff and Class Members are entitled to restitutionary, equitable, and/or injunctive relief;

      (f)    Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

      (g)    The method of calculation and extent of damages for Plaintiff and Class Members.

61.    Plaintiff is a member of the Class he seeks to represent

62.    The claims of Plaintiff are not only typical of all Class members, they are identical.

63.    All claims of Plaintiff and the Class are based on the exact same legal theories.

64.    Plaintiff has no interest antagonistic to, or in conflict with, the Class.

65.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendants during the Class Period. Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein

1  irrespective of where they occurred or were experienced. Plaintiff's claims are
2  typical of all Class Members as demonstrated herein.

3      66.    Plaintiff will thoroughly and adequately protect the interests of the
4  Class, having retained qualified and competent legal counsel to represent himself
5  and the Class.

6      67.    Common questions will predominate, and there will be no unusual
7  manageability issues.

8                        **FIRST CAUSE OF ACTION**
9            **Violation of the California False Advertising Act**
10             **(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

11     68.    Plaintiff incorporates by reference each allegation set forth above as
12  fully set forth herein.

13     69.    Pursuant to California Business and Professions Code section
14  17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or
15  misleading, and which is known, or which by the exercise of reasonable care
16  should be known, to be untrue or misleading . . . [or] to so make or disseminate
17  or cause to be so made or disseminated any such statement as part of a plan or
18  scheme with the intent not to sell that personal property or those services,
19  professional or otherwise, so advertised at the price stated therein, or as so
20  advertised."

21     70.    California Business and Professions Code section 17500, *et seq.*'s
22  prohibition against false advertising extends to the use of false or misleading
23  written statements.

24     71.    Defendants misled consumers by making misrepresentations and
25  untrue statements about the Class Products, namely, Defendants misrepresented
26  the price of the Class Products, and made false representations to Plaintiff and
27  other putative class members in order to solicit these transactions.

28

72.     Defendants knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

73.     As a direct and proximate result of Defendants's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendants' representations regarding the Class Products.  In reasonable reliance on Defendants' false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn, Plaintiff and other Class Members ended up with Class Products that were more expensive than represented, and therefore Plaintiff and other Class Members have suffered injury in fact.

74.     Plaintiff alleges that these false and misleading representations made by Defendants constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

75.     Defendants advertised to Plaintiff and other putative class members, through written representations made by Defendants and its employees that the Class Products would be of a particular price.

76.     Thus, Defendants knowingly sold Class Products to Plaintiff and other putative class members.

77.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled

to preliminary and permanent injunctive relief ordering Defendants to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendants' revenues associated with the funds collected due to the overcharging for the Class Products, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

78.     Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

79.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a Defendants' business practices and the alleged harm--that is, evidence that the Defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendants' conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

80.     California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice."  Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs

any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

81. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and (3) is not one that consumers themselves could reasonably have avoided.

82. Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendants' decision to sell them falsely described Class Products. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Class.

83. Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer. Such deception utilized by Defendants convinced Plaintiff and members of the Class that the Class Products were a certain price in order to induce them to spend money on said Class Products. In fact, knowing that Class Products were not of this price, Defendants unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

84. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendants falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendants' sale of Class Products to them. Defendants failed to take reasonable steps to inform Plaintiff and class members

that the Class Products were not advertised as having the price they in fact did have. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the Class members to purchase Class Products, where Plaintiff and the Class members were overcharged. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

85.     Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

86.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

87.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.   Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

88.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they would be at the price advertised when in fact they were not, rather, Defendants charged Plaintiff and the Class members more than was represented for the Class Products. Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

89.     As explained above, Defendants deceived Plaintiff and other Class Members by representing the Class Products as being a certain price when in reality they were a significantly different, and thus falsely represented the Class Products.

90.     Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

91.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

92.     As explained above, Defendants deceived Plaintiff and other Class Members by representing the Class Products as being of a price from what they actually were.

93.     Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.. Had Defendants not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

94.     This practice of making these representations by Defendants are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

95.     Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment for damages and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease

such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct their actions.

### THIRD CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq*.)

96.     Plaintiff incorporates by reference each allegation set forth above herein.

97.     Defendants' actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendants violated the following provisions of the CLRA:

     a. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

     b. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

     c. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

     d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

98.     On or about July 18, 2019, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendants with notice of its violations of the CLRA, and asked that Defendants correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendants that they must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the CLRA that Plaintiff believe to have been violated by Defendants.

99.   Defendants have not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

100.   Plaintiff has filed the venue affidavit required by Cal. Civ. C. § 1780 with this Complaint as Exhibit A.

## MISCELLANEOUS

101.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

102.   Plaintiff, on behalf of himself and the Class, requests the following relief:

    (a)   An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b)   An order certifying the undersigned counsel as Class Counsel;

    (c)   An order requiring Defendants at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d)   An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

    (e)   Actual damages suffered by Plaintiff and Class Members as applicable, in the form of full restitution of all funds acquired from Plaintiff and Class Members of the profits collected solely from the mispriced Class Products from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

    (f)   Punitive damages, as allowable, in an amount determined by

1         the Court or jury;

2           (g)     All reasonable and necessary attorneys' fees and costs

3                     provided by statute, common law or the Court's inherent

4                     power;

5           (h)     Pre- and post-judgment interest; and

6           (i)     All other relief, general or special, legal and equitable, to

7                     which Plaintiff and Class Members may be justly entitled as

8                     deemed by the Court.

9                           **REQUEST FOR JURY TRIAL**

10     103.   Plaintiff requests a trial by jury as to all claims so triable.

12 Dated: October 17, 2019        Respectfully submitted,

13                       LAW OFFICES OF TODD M. FRIEDMAN, PC

15                       By: s/Todd M. Friedman

16                         TODD M. FRIEDMAN, ESQ.

17                         Attorney for Plaintiff Sean Dabir

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A
Venue Affidavit

AMENDED CLASS ACTION COMPLAINT

1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Meghan E. George (SBN 274525)
3  Thomas E. Wheeler (SBN 308789)
   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
4  21550 Oxnard St. Suite 780,
   Woodland Hills, CA 91367
5  Phone: 877-206-4741
6  Fax: 866-633-0228
   tfriedman@toddflaw.com
7  abacon@toddflaw.com
   mgeorge@toddflaw.com
8  twheeler@toddflaw.com
9  *Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DABIR, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>MCDONALD'S CORPORATION; and DOES 1 – 10, inclusive,<br><br>        Defendant | **Case No.:**<br><br>**CONSUMER LEGAL REMEDIES ACT VENUE AFFIDAVIT; CCP § 1780** |

I, Sean Dabir, declare and state as follows:

1. I am the plaintiff in this matter, and specifically have brought a claim for Violations of the Consumer Legal Remedies Act.

2. The defendant to this cause of action, McDonald's Corporation, was doing business in Los Angeles County California, namely, because it sold me the products at issue at its location at 3880 Pacific Coast Highway, Torrance CA 90505-5916 which is within the county of Los Angeles.

3. I am a citizen and resident of the State of California, County of Los Angeles.

- 1 -

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of July, 2019, at Palos Verdes, California.

Sean Dabir